IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jack Brooks and Ellen Brooks, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GAF Materials Corporation, )<br>)<br>Defendant. ) | C.A. No. 8:07-3988-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Jack and Ellen Brooks' ("Plaintiffs") motion to remand. For the reasons set forth below, the court grants the Plaintiffs' motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs originally filed suit in the Court of Common Pleas of Newberry County, South Carolina, alleging claims for negligence, negligent representation, breach of warranty, breach of implied warranties, fraud, a violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"), and unjust enrichment. (Compl., generally.) The Plaintiffs filed an amended complaint asserting a putative class action on November 27, 2007. (Am. Compl., generally.) The Plaintiffs allege that they suffered property damage as a result of the Defendant's defective roofing materials. In the prayer for relief, the Plaintiffs seek general and special compensatory damages, punitive damages, treble damages, attorney's fees, and costs from the Defendant. The Plaintiffs' amended complaint states that the "amount in controversy for the entire proposed Class does not exceed five million dollars." (Am. Compl. ¶ 29.) Further, the Plaintiffs' amended complaint provides that "[t]he Plaintiffs' individual recovery, as well as any putative

Class Members individual recovery, exclusive of interest and costs, is not to exceed $74,999.00." (Am. Compl. Prayer for Relief E.)

The Defendant first removed this action to this court on May 26, 2006. The Plaintiffs filed a motion to remand on June 20, 2006, arguing that the case must be remanded because the amount in controversy does not exceed $75,000, exclusive of interest and costs, for diversity jurisdiction under 28 U.S.C. § 1332. (Pl.s' Mem. Supp. Remand 2.) The court granted the Plaintiffs' motion and the case was remanded on July 24, 2006. After the Plaintiffs filed an amended complaint asserting a putative class action on November 27, 2007, the Defendant removed this action for a second time on December 12, 2007. On December 18, 2007, the court remanded this action for lack of jurisdiction based on the one-year cap on removal set forth in 28 U.S.C. § 1446(b). Although the Defendant did not move to reconsider, the court determined that because this case is a putative class action, the one-year time bar to removal did not apply in this case. See 28 U.S.C. § 1453(b) (2006). The court rescinded its December 18, 2007, order and directed the parties to respond to the issue of whether the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6) (2006). On January 10, 2008, the Plaintiffs filed another motion to remand. The Defendant responded to the Plaintiffs' motion and this court's order of January 4, 2008, on January 28, 2008.

## II. LEGAL DISCUSSION

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) (West Supp. 2006) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

This is a putative class action. The Defendant removed this action alleging that, pursuant to the Class Action Fairness Act ("CAFA") codified in 28 U.S.C. § 1332(d), the

requirements for original jurisdiction have been satisfied. CAFA was passed with the clear intention of expanding "federal court jurisdiction over class actions . . . ." Chavis v. Fid. Warranty Servs., Inc., 415 F. Supp. 2d 620, 626 (D.S.C. 2006). CAFA "vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $5,000,000." Id. at 625. The only issue before this court is whether the amount in controversy exceeds $5,000,000.

"In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal." Id. at 626. "[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938).

The Defendant alleges that pursuant to CAFA, it is the Plaintiffs' burden to show that the amount in controversy has been satisfied. (Def.'s Mem. Opp'n Mot. Remand 4-6); See S. Rep. No. 109-14, at 42 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 40 ("If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied).") Historically, "the burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (internal quotation marks omitted).

In addition,

> [t]he Fourth Circuit has not decided the proper standard in a motion to remand for determining whether the amount in controversy exceeds [the jurisdictional amount]. In cases in which the plaintiff has not specified a damage claim, courts

3

>have required defendants justifying the removal of a case to federal court based on diversity jurisdiction to meet one of at least four different standards to show that the amount in controversy has been satisfied: (1) "legal certainty," (2) "preponderance of the evidence," (3) "reasonable probability," and (4) inverse legal certainty . . . .

Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (quoting Spann v. Style Crest Prods., 171 F. Supp. 2d 605, 607 (D.S.C. 2001)).  Other courts within the District of South Carolina have "lean[ed] towards requiring defendants in this position to show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied."  Id.  Based on the foregoing, the court need not decide which party bears the burden of establishing federal jurisdiction because the Plaintiffs have placed a clear limitation on damages in their complaint.  Further, the court declines to "adopt any approach under which the court will be required to undertake its own independent review of the amount in controversy despite a specific limitation on damages in the plaintiff's complaint."  Id.; see also Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 (D.S.C. 2003); Spann, 171 F. Supp. 2d at 608-09.

"It is well established that 'the plaintiff is the master of his complaint.'"  Chavis, 415 F. Supp. 2d at 627 (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)).  "Thus, Plaintiffs [can] limit[] the damages alleged in their complaint to escape possible removal to federal court under CAFA."  Id.  Rule 8(a)(3) of the South Carolina Rules of Civil Procedure allows "a party to plead the total amount in controversy and limit the claim 'for all purposes.'"  Id.; S.C. R. Civ. Pro. 8(a)(3) (stating that "a party may plead that the total amount in controversy shall not exceed a stated sum which shall limit the claim for all purposes").

The Plaintiffs' amended complaint states that the "amount in controversy for the entire proposed Class does not exceed five million dollars."  (Am. Compl. ¶ 29.)  Further, the Plaintiffs' amended complaint provides that "[t]he Plaintiffs' individual recovery, as well as any

4

putative Class Members individual recovery, exclusive of interest and costs, is not to exceed $74,999.00." (Am. Compl. Prayer for Relief E.) Furthermore, the Plaintiffs reiterate in their memorandum in support of the motion to remand that the amount in controversy does not meet the jurisdictional minimum. (Pls.' Mem. Supp. Mot. Remand 1-5.) The court construes the pertinent language in the Plaintiffs' amended complaint as a purposeful limitation on damages to below the jurisdictional amount. Further, the Plaintiffs' individual recovery is limited to below the jurisdictional amount for individual claims. See 28 U.S.C. § 1332(a) (stating that the jurisdictional amount is met "where the matter in controversy exceeds the sum or value of $75,000").

The Defendant argues that the court should independently review the amount in controversy because the Plaintiffs are not bound by their limitation on damages in the complaint. (Def.'s Mem. Opp'n Mot. Remand 6-8.) Rule 54(c) of the South Carolina Rules of Civil Procedure provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Therefore, the Defendant submits that the Plaintiffs could recover more than $5,000,000. The court recognizes the potential for manipulation. However, the court agrees with the admonition in Jones that "a subsequent increase in the amount sought by plaintiffs would not be a good career move for plaintiffs' attorneys considering their anticipated future dealings with this court and would probably be barred by judicial estoppel." Jones, 258 F. Supp. 2d at 427 n.2 (internal quotation marks omitted). "To further prevent the potential for manipulation after remand, this court strongly suggests that any plaintiff wishing to limit a claim for monetary damages file a pre-removal sworn affidavit of both the plaintiff and counsel disclaiming any monetary recovery in excess of [the jurisdictional amount in controversy]." Id. Based on the foregoing, the court

will not undertake an independent review of the amount in controversy as the Plaintiffs' amended complaint plainly provides a specific limitation on damages. Because the court is without subject matter jurisdiction, the court remands the case to the state court.

In addition, the court declines to award costs and attorney's fees to the Plaintiffs under 28 U.S.C. § 1447(c) because the Defendant had an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

It is therefore

**ORDERED** that the Plaintiffs' motion to remand, docket number 10, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Newberry County, South Carolina. Furthermore, with respect to all claims, the Plaintiffs are barred from recovering a total amount of damages, including actual damages, punitive damages, treble damages, and statutory attorney's fees, exceeding five million dollars ($5,000,000), exclusive of interest and costs for the putative class action, and the Plaintiffs are barred from recovering a total amount of damages, including actual damages, punitive damages, treble damages, and statutory attorney's fees, exceeding seventy-four thousand nine hundred ninety-nine dollars ($74,999.00), exclusive of interest and costs, for any individual claims.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina

January 31, 2008